IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSICA LARAE HILLS, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:21-CV-737-P |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Jessica Larae Hills, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part for lack of jurisdiction and in part for failure to exhaust administrative remedies.

### I.  BACKGROUND

Petitioner is serving a total 144-month term of imprisonment for her 2015 convictions in the Atlanta Division of the United States District Court for the Northern District of Georgia for conspiracy to commit wire fraud and aggravated identity theft. J., United States v. Hills, No. 1:15-CR-0052-01-SCJ, ECF No. 76. Her projected release date is September 10, 2025. Resp't's Resp. 1, ECF No. 7.

### II.  ISSUES

Petitioner raises the following claims (any spelling, punctuation, and/or grammatical errors are in the original):

> (1) [Her conviction is in] [v]iolation of the constitution for the United States of America (5th amendment right to due process).
>
> (1) Violation of the law of the United States (First Step Act) signed December 21, 2018, in which the Bureau of Prisons refused to apply petitioner time credits earned under the First Step Act.
>
> (2) Section based on eligible for earned time credits based on PATTERN risk level.

Pet. 5–6, ECF No. 1. Petitioner seeks to have the Bureau of Prisons (BOP) "immediately apply [her] earned time credits that she is entitled to pursuant to the First Step Act of 2018 and apply those credits to her sentence computation consistent with the FSA." *Id.* at 7.

## III. DISCUSSION

### A. Due Process

Under her first ground, Petitioner appears to challenge her conviction(s) under the Due Process Clause. She provides the following supporting facts (any spelling, punctuation, and/or grammatical errors are in the original):

> The conviction against the petitioner is in violation of an important and fundamental statutory right that effectuates her constitutional right. The Fifth (5th) Amendment guarantee of the constitution provides that the petitioner shall not be deprived of life, liberty, or property without due process of law. Applied to the petitioner is violative of due process, violations of federal statutes as to which nationally uniform interpretation is particularly important.

Pet. 5, ECF No. 1.

The claim is vague and indecipherable. Furthermore, to the extent Petitioner attempts to challenge one or both of her convictions, § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his/her federal conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction and sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his/her detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

In order to meet this burden, Petitioner must show that (1) her claim is based on a retroactively applicable United States Supreme Court decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that she may have been convicted of a nonexistent offense. *See Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner fails to satisfy these requirements in all respects. The Court is therefore without jurisdiction to consider ground one. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

**B. The First Step Act**

Under grounds two and three, Petitioner claims that the BOP has refused to apply her earned time credits for successful completion of evidence-based recidivism reduction programming or productive activities under the First Step Act (FSA). Pet. 5–6, ECF No. 1.

The First Step Act (FSA), enacted on December 21, 2018, provides, among other things, for a system allowing eligible prisoners to earn time credits toward time in pre-release custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the Attorney General was charged with creating a new risk and needs assessment system, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" (PATTERN), to assess the recidivism risk of each prisoner and assign appropriate programing and activities to him/her based on various factors. *See* U.S. DEP'T OF JUSTICE, OFF. OF THE ATT'Y GEN., The First Step Act of 2018: Risk and Needs Assessment System (July 19, 2019), https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf. Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs based on that determination" and "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provides for a two-year phase-in period, or until January 15, 2022, for the BOP to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2). Furthermore, the BOP has determined that FSA time credits "may only be earned for completion of assigned programs and activities authorized by BOP and successfully completed on or after January 15, 2020." *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits. Prisoners that successfully complete their assigned

4

programs and activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(ii).

### C. Exhaustion

Petitioner asserts that she is eligible for earned time credits under the FSA, having twice been assessed at a low risk for recidivism, that she has accumulated 1642.50 days of credit, and that if her time credits are applied she should have been released on early release from the BOP. Pet'r's Reply 7, ECF No. 9. Respondent asserts that the petition should be dismissed because Petitioner did not exhaust her administrative remedies or, in the alternative, because she is not entitled to the relief she seeks. Resp't's Resp. 2–5, ECF No. 7.

Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Judicial enforcement of the administrative-exhaustion requirement promotes judicial efficiency and conserves scarce judicial resources, allows the agency time to develop the necessary factual background and apply its specific expertise, and discourages the deliberate flouting of the administrative process. *McKart v. United States,* 395 U.S. 185, 193–95

(1969).

The administrative-remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10–542.19. *See United States v. Wilson,* 503 U.S. 329, 335 (1992). Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."[1] *Fuller,* 11 F.3d at 62. The petitioner bears the burden of demonstrating such circumstances. *Id.*

---

[1]Respondent asserts that the Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before bringing a lawsuit in federal court and that a court may not excuse an inmate's failure to do so. However, because § 2241's exhaustion requirement is judicially created, rather than statutorily imposed, it is "amenable to judge-made exceptions." *Ross v. Blake,* 578 U.S. 1174, ----, 136 S. Ct. 1850, 1857 (2016). *See also McCarthy v. Madigan,* 503 U.S. 140, 144 (1992) (providing "[w]here Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs") (citations omitted)).

Petitioner does not dispute that she did not exhaust the administrative procedure but asserts that exhaustion would be futile and that her case "presents a narrow dispute of statutory construction which is exempt from the exhaustion requirement." Pet. 2, ECF No. 1; Pet'r's Reply 7–9,[2] ECF No. 9. She fails however to present any evidence that any attempt to exhaust the administrative procedure would, in fact, be futile. Furthermore, exhaustion of administrative remedies would serve to develop the relevant factual record as to any decisions the BOP may make unique to Petitioner's case, such as, among others, the actual number of eligible days of credits she has accumulated, the number of days by which the time credits reduce her sentence, and whether crediting her with those time credits would make her eligible for immediate release to pre-release custody or supervised release. These are issues unrelated to statutory interpretation and would benefit from further development of the record in the administrative process.

The overwhelming majority of other courts to have considered the issue have agreed that exhaustion of administrative remedies is required to assist in developing the relevant facts and legal issues. *See, e.g., Iro v. Carr,* No. 4:21-CV-632-P, 2021 WL 4133497, at *2 (N.D. Tex. Sept. 10, 2021); *Rominger v. Spaulding,* No. 1:21-CV-00943, 2021 WL 2894760, at *2–3 (M.D. Pa. July 9, 2021), *appeal filed,* No. 21-2527 (3d Cir. Aug. 17, 2021); *Toussaint v. Knight,* No. 6:21-CV-00764-HMH-KFM, 2021 WL 2635887, at *3–4 (D. S.C. June 4,

---

[2]Because there are attachments to Petitioner's reply brief, the pagination in the ECF header is used.

2021), *R. & R. adopted,* 2021 WL 5479 (D. S.C. Jun 25, 2021); *Salter v. Fikes,* No. 20-CV-2253, 2021 WL 2365041, at *5–6 (D. Minn. May 5, 2021), *R. & R. adopted,* 2021 WL 2354934 (D. Minn. June 9, 2021); *Owens v. Joseph,* No. 3:20-CV-6008-LC-TTC, 2021 WL 3476621, at *1–3 (N.D. Fla. Apr. 19, 2021), *R. & R. adopted,* 2021 WL 3472837 (N.D. Fla. Aug. 5, 2021); *Cohen v. United States,* No. 20-CV-10833, 2021 WL 1549917, at *4 (S.D. N.Y. Apr. 20, 2021);*Workman v. Cox,* No. 4:20-CV-04197-LLP, 2021 WL 1080396, at *1–3 (D. S.D. Jan. 13, 2021), *R. & R. adopted,* 2021 WL 1060205, (D. S.D. Mar. 18, 2021).

The majority of courts to interpret the statutory framework have also agreed that the BOP is not required to apply earned time credits prior to expiration of the 2-year phase-in period on January 15, 2022. *See, e.g., Johnson v. Knight,* No. 0:21-101-RMG-PJG, 2021 WL 2550517, at *2 (D. S.C. June 22, 2021), *R. & R. adopted,* 2021 WL 2935240 (D. S.C. July 13, 2021); *Cohen v. United States,* No. 20-CV-10833 (JGK), 2021 WL 1549917, at *2–3 (S.D. N.Y. Apr. 20, 2021); *Kennedy-Robey v. FCI Pekin,* No. 20-CV-1371, 2021 WL 797516, at *4 (C.D. Ill. Mar. 2, 2021); *Hand v. Barr,* No. 1:20-CV-00348, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021); *Llewlyn v. Johns,* No. 5:20-CV-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *R. & R. adopted*, No. 5:20-CV-77, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021); *Herring v. Joseph,* No. 4:20-CV-249, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020). *But see Workman v. Cox,* No. 4:20-04197-LLP, 2021 WL 1080396, at *2 (D. S.D. Jan. 13, 2021), *R. & R. adopted,* No. 20-4197, 2021 WL 1060205 (D. S.D. Mar. 18, 2021); *Goodman v. Ortiz,* No. 20-CV-7582, 2020 WL 5015613, at *6 (D. N.J. Aug. 25, 2020).

To resolve this issue, a court begins "with the text of the statute." *Permanent Mission of India to the United Nations v. City of New York,* 551 U.S. 193, 197 (2007). When faced with questions of statutory construction, a court must first determine whether the statutory text is plain and unambiguous and, if it is, the court must apply the statute according to its terms. *Carcieri v. Salazar,* 555 U.S. 379, 387 (2009).

Section 3621(h)(4) provides, in pertinent part, that during the two-year phase-in period, the BOP "*may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in [18 U.S.C. § 3632(d)]." The language of § 3621(h)(4) indicates that the BOP has discretion, but is not required to, provide the programs and incentives during the phase-in period. 18 U.S.C. § 3621(h)(4). The statute's use of "may" makes the BOP's decision to offer prisoners incentives and awards (including awarding time credits) before January 15, 2022, purely discretionary. Nothing stated in the statutes mandates the BOP to award earned time credits prior to January 15, 2022. Thus, the BOP is not obligated to award time credits to those who successfully complete the assigned programs and activities prior to January 15, 2022.

Nevertheless, because Petitioner failed to exhaust her administrative remedies, or demonstrate the futility of exhaustion, grounds two and three should be dismissed so that issues unrelated to the statutory interpretation can be further developed in the administrative process.

9

## III. CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with prejudice as to ground one for lack of jurisdiction and without prejudice as to grounds two and three for failure to exhaust administrative remedies.

**SO ORDERED** on this **27th day** of **September, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE